**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

| | |
|---|---|
| United States of America, | Case No. 26-cv-273 |
| Plaintiff, | (PJS/RWG/DPM/SGE) |
| v. | |
| State of Minnesota, | **ORDER** |
| Defendant. | |

## BACKGROUND

The United States of America filed the Complaint in this matter on January 14, 2026, asserting a pattern or practice claim against the State of Minnesota pursuant to its authority under Section 707(a) of Title VII of the Civil Rights Act of 1964. *See* 42 U.S.C. § 2000e-6(a). In the Complaint, the Department of Justice ("DOJ") alleges that Minnesota law violates Title VII by "mandat[ing] a statewide affirmative action program for state civil service" and requiring "consideration of affirmative action goals on *all* staffing and personnel decisions." (Compl., Dkt. 1, ¶ 20.) Minnesota moves under Fed. R. Civ. P. 12(e) for a more definite statement. It argues that the Complaint is insufficient because it lacks "substantial allegations" of a pattern or practice of discrimination and does not "clearly demonstrate the basis" for invoking Title VII's authority. (Mem. in Supp., Dkt. 18, at 3.)

## ANALYSIS

Under Rule 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the

party cannot reasonably prepare a response." The motion "must point out the defects complained of and the details desired." Fed. R. Civ. P. 12(e). Motions for more definite statements are generally disfavored. *Mo-Kan Sheet Metal Workers Welfare Fund v. Mech*, Case no. 4:19-CV-3113, 2020 WL 417792, at *1 (D. Neb. Jan 27, 2020) (citing *Allstate Indem. Co. v. Dixon*, 304 F.R.D. 580, 582 (W.D. Mo. 2015); *Ransom v. VFS, Inc.*, 918 F. Supp. 2d 888, 901 (D. Minn. 2013)). However, if a defendant cannot determine from the complaint what the issues are to which it must respond, or if the complaint is ambiguous or omits important information so that it cannot be answered, a motion for a more definite statement is proper. *Id.* Rule 12(e) "provides a remedy for unintelligible pleadings; it is not intended to correct a claimed lack of detail." *Radisson Hotels Int'l, Inc. v. Westin Hotel Co.*, 931 F. Supp. 638, 644 (D. Minn. 1996) (citation omitted). When determining whether a more definite statement is required under Rule 12(e), "the only question is whether it is possible to frame a response to the pleading." *Ransom*, 918 F. Supp. 2d at 901 (quoting *Lyon Fin. Servs., Inc. v. MBS Mgmt. Servs., Inc.*, No. 06-cv-4562, 2007 WL 2893612, at *9 (D. Minn. Sept. 27, 2007)).

Minnesota argues the Complaint is too vague and indeterminate to allow it to compile a responsive pleading because it fails to identify specific discriminatory practices rather than an abstract policy of discrimination. (Mem. in Supp. at 16-18.) It also argues that the Complaint fails to give notice of the parameters of the DOJ's claims and "leaves Minnesota guessing as to how the DOJ believes it has violated Title VII." (Dkt. 18 at 19.) The DOJ argues that the Complaint satisfies Rule 8(a)'s requirement of a "short and plain"

2

statement of its claim and that Minnesota is improperly using a motion under Rule 12(e) to challenge the legal sufficiency of the Complaint. (Mem. in Opp'n, Dkt. 23.)

The Complaint in this matter alleges that Minnesota employs a statutory and regulatory regime of affirmative action that violates Title VII. It alleges that Minnesota law "mandates a statewide affirmative action program for state civil service" and requires state employers to consider affirmative action goals "on *all* staffing and personnel decisions." (Compl. ¶ 20.) The DOJ proceeds to allege that Minnesota law identifies "protected" groups and "necessarily requires classification of employees and potential employees by race and sex." (Compl. ¶¶ 29-30.) It further alleges that Minnesota law requires hiring managers to complete certain additional administrative tasks to "justify its nonaffirmative action hires." (*Id.* ¶¶ 33-34.)

The Complaint identifies Minnesota statutes §§ 43A.19 and 43A.191, subd. 2(a), which establish a statewide affirmative action program and require each agency to "prepare and implement an agency affirmative action plan" in accordance with statutory requirement and applicable rules. (Compl. ¶ 37.) It alleges that Minnesota Management and Budget ("MMB"), the state agency charged with overseeing financial and human services for state entities, established the rules to help agencies implement these state-wide affirmative-action requirements. (*Id.* ¶¶ 38-44.) The DOJ also identifies the Minnesota Department of Human Services' Hiring Justification Policy, No. 4100.250, as the result of those rules and an example of Minnesota's alleged violation of Title VII. (*Id.* ¶ 45.) According to the Complaint, these laws and regulations require hiring supervisors to interview at least three underrepresented candidates for available positions and to provide a hiring justification

3

when seeking to hire a non-underrepresented candidate. (*Id.* ¶¶ 49-51.) The DOJ alleges that Minnesota's "race- and sex-conscious employment policies," like Policy 4100.250, are "premised on a lack of numerical congruence between demographic data in a given agency work force and the relevant civilian labor market," but that Minnesota "identifies no prior or present discrimination to justify" the practice. (*Id.* ¶ 54.) In short, the Complaint identifies MMB policies that, according to the DOJ, require state agencies to discriminate in their employment practices.

At oral argument, the DOJ clarified that this action is a facial challenge to "the statutory framework and the rules" as a pattern and practice of discrimination. (Hr'g Tr., Dkt. 33, at 9:3-4, 10:18-20.) It asserts that because Minnesota's statutes and rules are openly discriminatory, it can seek an injunction without identifying specific instances of discrimination. In support of its argument, the DOJ relies on *United States v. Board of Education for the School District of Philadelphia*, 911 F.2d 882 (3d Cir. 1990), wherein the DOJ brought a Title VII action challenging the Board's refusal to allow a Muslim public-school teacher to wear religious attire to work. The Third Circuit held that "[w]here [an] allegedly discriminatory policy is openly declared—in this case it was, among other things, published in the Pennsylvania Code—then proof that the policy was actually being followed consistently is not necessary in order to obtain an injunction against subsequent implementation." 911 F.2d at 892. Because Minnesota's policies are openly discriminatory, the DOJ argues, it is not necessary to plead specific instances of discrimination in order to state a claim.

When resolving a motion under Rule 12(e), "the only question is whether it is possible to frame a response to the pleading." *Lyon Fin. Servs., Inc. v. MBS Mgmt. Servs., Inc.*, Case no. 06-cv-4562 (PJS/JJG), 2007 WL 2893612, at \*9 (D. Minn. Sept. 27, 2007) (citing *Century '21' Shows v. Owens*, 400 F.2d 603, 607 (8th Cir. 1968)). In *Eisenach v. Miller-Dwan Medical Center*, 162 F.R.D. 346, 347-48 (D. Minn. 1995), the court granted a Rule 12(e) motion because the complaint alleged the defendant had engaged in unlawful practices in violation of the Americans with Disabilities Act but did not allege the bases for this conclusion, the Plaintiff's asserted disability, the employment action or actions which transgressed the ADA, or when those employment activities occurred. The DOJ's Complaint here is more specific. It identifies Minnesota statutes and administrative rules that the DOJ alleges violate Title VII, and it identifies classes of individuals that the statutes classify based on race or sex. (Compl. ¶¶ 29-30.) It alleges that Minnesota's laws and policy require government agencies to undertake additional administrative tasks to hire non-underrepresented candidates. (Compl. ¶¶ 49-51.) And the Complaint further alleges that Minnesota has not identified any prior or present discrimination to justify its allegedly discriminatory policies. (Compl. ¶ 54.)

Minnesota also argues that because the DOJ asserts a pattern and practice claim, it must plead sufficient facts that lift the claim above the speculative level to give Minnesota fair notice of the charges against it. But as the DOJ argued at the hearing, a statute can violate Title VII on its face. *See, e.g.*, *EEOC v. Catholic Healthcare West*, 530 F. Supp. 2d 1096, 1101-02 (C.D. Cal. 2008). If the language of a statute is sufficient to demonstrate a violation of Title VII, a complaint identifying that facial flaw is not unintelligible for failing

to allege specific instances of discrimination. And even though the DOJ does not plead specific instances of discrimination, Minnesota was able to identify multiple theories that the Complaint could plausibly support. (*See* Mem. in Supp., Dkt. 18, at 19-21.) Despite the Complaint's lack of detail, Minnesota has demonstrated that it could frame a response to the allegations. *See Lyon Fin. Servs.*, 2007 WL 2893612, at *9. Minnesota's argument that the Complaint lacks specificity may very well be true. But specificity is different from unintelligibility, and Rule 12(e) addresses the latter. *See Radisson Hotels*, 931 F. Supp. at 644. To the extent Minnesota argues that the Complaint states a valid claim, Rule 12(e) is not the tool to raise that argument.

After careful review of the Complaint and the parties' submissions, this Court denies Minnesota's motion. Although it might not be a paragon of specificity, the Complaint is not unintelligible and identifies statutes and rules that the DOJ alleges requires Minnesota state agencies to adopt employment practices that violate Title VII. Rule 12(e) exists to address unintelligible pleadings, not to correct a lack of detail or to assess the merits of DOJ's claims. In this case, the Complaint clears that bar.

## **ORDER**

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. Minnesota's Motion for More Definite Statement (Dkt. 16) is **DENIED;** and

6

    2.       Minnesota shall file its answer or other response to the Complaint within 21 days of this Order.

Dated: May 26, 2025                          *s/Shannon G. Elkins*
                                           SHANNON G. ELKINS
                                           United States Magistrate Judge