IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>v.<br><br>STATE OF MINNESOTA,<br><br>*Defendant*. | No. 26-cv-00273-PJS-RWG-DPM-SGE<br><br>THREE-JUDGE DISTRICT COURT |

**MEMORANDUM OF LAW IN SUPPORT OF UNITED STATES' MOTION TO FILE AMENDED COMPLAINT**

In support of the United States' Motion to File Amended Complaint, the United States submits the following Memorandum of Law:

**PROCEDURAL HISTORY**

The United States filed this action against the State of Minnesota on January 14, 2026, alleging that Minnesota's affirmative action policy for state civil service constituted a pattern or practice in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. (Title VII). Dkt. 1. Minnesota responded by filing a Rule 12(e) motion for more definite statement, which the Court denied. Dkt. 34. Minnesota subsequently filed an Answer that asserted several affirmative defenses (Dkt. 35), and the Court issued a Pretrial Scheduling Order limiting discovery to the United States' "composite-theory" and Minnesota's affirmative defenses (Dkt. 40 at 2-3). The Court's

Pretrial Scheduling Order also directed the parties to "work cooperatively throughout this litigation to narrow the issues in dispute." Dkt. 40 at 2. Consistent with this directive, the United States now seeks to file an amended complaint that will streamline this litigation and clarify some of the questions that Minnesota has raised about the original complaint.

The United States' proposed amended complaint clarifies that the United States asserts only a facial challenge under Title VII to Minnesota's race- and sex-based affirmative action policy, which is codified in Minnesota statutes and rules. The proposed amended complaint also summarizes the United States' investigation of Minnesota's affirmative action policy, demonstrates the United States' legitimate, good faith reason for bringing this Title VII lawsuit, and shows that the United States in no way singled Minnesota out for enforcement action. Finally, the proposed amended complaint clarifies that the United States is not seeking any retrospective relief in its prayer for relief in this case, but rather seeks only a declaratory judgment that Minnesota's affirmative action policy violates Title VII and a permanent injunction prohibiting Minnesota from further violating Title VII by enforcing the race- and sex-based affirmative action policy or engaging in similar conduct.

## LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) instructs that courts "should freely give leave" to amend pleadings "when justice so requires." "[D]enial of leave to amend pleadings is appropriate only in those limited circumstances in which undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the non-moving party can be demonstrated." *Hillesheim v. Myron's Cards & Gifts, Inc.*, 897 F.3d 953, 955 (8th

Cir. 2018) (citation omitted). Unfair prejudice may exist if granting amendment would require "a re-opening of discovery with additional costs, a significant postponement of the trial, [or] a likely major alteration in trial tactics and strategy." *Kozlov v. Associated Wholesale Grocers, Inc.*, 818 F.3d 380, 395 (8th Cir. 2016) (citation omitted).

**ARGUMENT**

None of the bases for denying leave to amend exist here. First, the United States did not unduly delay seeking amendment, as it timely filed this motion by the September 1, 2026, deadline for motions to amend pleadings. *See* Dkt. 40 at 5.

Second and third, nothing suggests that the United States acted in bad faith or that amendment would be futile. To the contrary, this motion is consistent with the Court's directive to "work cooperatively throughout this litigation to narrow the issues in dispute" (Dkt. 40 at 2), and the proposed amended complaint would streamline the litigation and clarify some of the discovery related questions that Minnesota raised in regard to the original complaint.

Finally, granting the United States leave to amend its complaint would not unfairly prejudice Minnesota. No factors indicating unfair prejudice, *see Kozlov*, 818 F.3d at 395, are present. Rather than impose additional discovery costs, the United States' proposed amended complaint is likely to *narrow* (if not eliminate) the need for discovery in this case. The proposed amended complaint clarifies the theory of the United States' case, asserts an exclusively facial challenge to Minnesota's statutory and regulatory race- and sex-based affirmative action policy, and seeks only forward-looking declaratory and injunctive relief.

These amendments have the potential to minimize or eliminate discovery on the "composite-theory."

It is also likely that Minnesota will reconsider its affirmative defenses in light of the amended complaint, therefore eliminating the need for discovery on those defenses. For example, the proposed amended complaint summarizes the United States' investigation of Minnesota's affirmative action policy; provides the United States' legitimate, good faith basis for bringing this Title VII lawsuit; and lists various other active investigations to demonstrate that the United States is not selectively enforcing Title VII against Minnesota. The proposed amended complaint also establishes that the United States complied with all conditions precedent to suit, as Section 706's statutory pre-suit requirements do not apply to Section 707 claims brought by the Attorney General. Finally, the proposed amended complaint alleges that Minnesota's statutory and regulatory affirmative action policy has remained in effect following the Equal Employment Opportunity Commission's rescission of its affirmative action guidance, which implicates Minnesota's good-faith-reliance affirmative defenses. *See* Dkt. 35 at 24-25.

Nor will granting leave to amend the complaint significantly delay proceedings, postpone trial, or require major alterations in trial (or case) tactics and strategy. To the contrary, amendment has the potential to expedite the resolution of this case by clarifying the purely legal nature of the United States' claims. Even though the proposed amended complaint asserts two additional claims, the United States' general theory of the case remains unchanged, and all four causes of action present closely related pure issues of law.

And in any event, this case remains in its infancy, a trial date has not been set, and dispositive motions are not due for more than ten months. *See* Dkt. 40 at 8.

**CONCLUSION**

For the above reasons, the United States requests that its Motion to File Amended Complaint be granted.

DATED: September 1, 2026

Respectfully submitted,

DANIEL N. ROSEN
United States Attorney
District of Minnesota

HARMEET K. DHILLON
Assistant Attorney General

ERIC SELL
Deputy Assistant Attorney General

HILARY PINION
Chief, Employment Litigation Section

*s/ Greta Gieseke*
GREGORY DOLIN (DC No. 497455)
Senior Counsel
GRETA GIESEKE (TX No. 24132925)
Trial Attorney

Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Ave. NW
Washington, DC 20530
Telephone: (202) 514-3847
Email: greta.gieseke@usdoj.gov

ATTORNEYS FOR PLAINTIFF
UNITED STATES OF AMERICA

**CERTIFICATE OF COMPLIANCE**

I affirm that this memorandum complies with the limits in LR 7.1(f) and with the type-size limit of LR 7.1(h). This memorandum is drafted in size 13 Times New Roman font and contains 959 words.

*s/ Greta Gieseke*
GRETA GIESEKE
Trial Attorney